# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

MONTEGO MCCLURE                                                                                    PLAINTIFF
ADC #145695

v.                                                      4:20-cv-00147-JM-JJV

JOSEPH BIVENS, Lieutenant,
Varner Super Max Unit, ADC                                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

**I.    INTRODUCTION**

Montego McClure is a prisoner in the Varner Unit of the Arkansas Division of Correction ("ADC").  He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant Lieutenant Joseph Bivens violated his constitutional rights.  (Doc. No. 4.)  After careful consideration, I recommend the Amended Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**II.   SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination,

2

frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*   But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly,* 550 U.S. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.  *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983 (1996).  Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).   In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. AMENDED PLAINTIFF'S COMPLAINT

On November 23, 2019, Plaintiff flooded his single man cell at the Varner Super Max Unit because prison officials ignored his complaints that his breakfast was late.[1]   (Doc. No. 4.)   As

---

[1] As noted by the Eighth Circuit, the "VSM houses the ADC's most incorrigible inmates." *Roddy*

3

punishment, Defendant Bivens put Plaintiff on behavior control status for seventy-two hours. (*Id.*) Plaintiff did not get his breakfast that day, his personal property was confiscated, and his privileges were suspended. (*Id.*) Plaintiff says that instead of releasing him from behavior control status on November 26, 2019, Defendant Bivens made him remain on that status for an additional nine days, until December 4, 2019, when his property and privileges were returned to him. (*Id.*) I conclude the Amended Complaint fails to state a plausible § 1983 claim for the following reasons.

First, Plaintiff alleges the extra nine he spent on behavior control status constituted a violation of his Fourteenth Amendment due process rights. It is well settled prisoners have a right to due process in connection with being placed in restrictive housing or administrative segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 485 (1995); *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). In this regard, the Eighth Circuit has repeatedly said that "a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010). And, the loss of privileges and harsh conditions while being held in restrictive housing for periods much longer than the nine additional days alleged by Plaintiff do not give rise to a liberty interest. *See Ballinger v. Cedar Cnty*, MO, 810 F.3d 557, 562-563 (8th Cir. 2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Orr*, 610 F.3d at 1034-35 (finding no liberty interest when a prisoner was held in administrative segregation for nine months). Plaintiff also says Defendant Bivens violated ADC policy. But, a § 1983 claim

---

*v. Banks,* No. 03-3735, 2005 WL 433404, *1 (8th Cir. Feb. 25, 2005) (unpublished opinion).

must be based on the violation of a constitutional right, and prisoners do not have a due process right to enforce compliance with internal prison rules and regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997).

Second, Plaintiff says Defendant Bivens violated his due process rights under the Fifth Amendment. But, "the Fifth Amendment applies only to the federal government or federal actions and does not apply to state and municipality actors," such as Defendant Bivens. *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *see also Barnes v. City of Omaha*, 574 F.3d 1003, 1005 n. 2 (8th Cir. 2009).

Finally, Plaintiff claims Defendant Bivens subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Because the "Constitution does not mandate comfortable prisons," only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Thus, to plead a plausible Eighth Amendment claim, a prisoner must provide facts suggesting: (1) objectively, the conditions he endured constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendant was deliberately indifferent to the risk of harm posed by the conditions. *Hamner,* 937 F.3d at 1178; *Davis v. Oregon Cnty., Mo*., 607 F.3d 543, 548-49 (8th Cir. 2010). The Amended Complaint does not contain any facts suggesting the conditions Plaintiff endured while on behavior control status created a substantial risk of serious harm to his health or safety. Accordingly, I conclude he has not pled a plausible Eighth Amendment violation.

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention and given him the opportunity to file an Amended Complaint curing them. (Doc. No. 3.)

5

Nevertheless, his Amended Complaint fails to state a plausible § 1983 claim.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. No. 4) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 19th day of March 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."